## RUTH v. CITY OF OKLAHOMA CITY, et al.

No. 20840. Dissenting Opinion Filed April 3, 1930.

CLARK, J. (dissenting). The question

before this court is the validity of the bonds under the city charter, the laws and Constitution of the state of Oklahoma. The power to tax property owners is a power conferred by the Constitution with the constitutional limitations thereon. A bond issue such as proposed here, in a broader sense, constitutes a twenty-five year mortgage on all taxable property within the municipality. The rising cost of government and the increase in taxes is becoming a serious burden to the welfare of the state. No constitutional limitation should be ignored that prohibits the increase of this burden.

Plaintiff in error, plaintiff below, alleges that he is a taxpayer, owns property in Oklahoma City, and that the bond issue, attacked in his petition, would levy an unjust burden on his property, as well as on the property of other taxpayers of the municipality. A tax levied in violation of the Constitution and laws of this state is taking property without due process of law. When the state or municipality takes property in the form of taxes, the law authorizing it should be complied with, and the plain provisions of the Constitution should be applied by the court without fear of punishment or hope of reward from those interested on either side. The ordinance providing for this bond issue reads, in part, as follows: "Shall the City of Oklahoma City, State of Oklahoma, incur an indebtedness by issuing its negotiable coupon bonds in the sum of Four Hundred Twenty-Five Thousand and No-100 Dollars ($425,-000.00) to provide funds for the purpose of acquiring, owning, maintaining and beautifying real property for public parks, with the privilege of locating thereon aviation airports, with all necessary and proper equipments, buildings, and appurtenances thereto, to be owned exclusively by said city. * * *"

Section 2, art. 5, of the charter of Oklahoma City, provides, in part, as follows: "Every ordinance * * * shall embrace but one subject which shall be clearly expressed in its title."

This ordinance is in direct violation of this provision of the charter in that it embraces two subjects. One subject being the acquiring, owning, maintaining, and beautifying real property for public parks. The other subject is the privilege of locating thereon aviation airports with all necessary and proper equipment, buildings, and appurtenances thereto, to be owned exclusively by said city. Privilege means right. If the city intended to vote bonds for an airport, such proposition should have been submitted to the voters without the subterfuge of submitting to the voters the proposition to vote funds for pub-

lic parks. 25 R. C. L. 842, gives the rule as follows:

"To constitute duplicity of subject, an act must embrace two or more dissimilar and discordant subjects, that by no fair intendment can be considered as having connection with or relation to each other."

A public park could not be an aviation airport. Neither could an aviation airport be a public park. The ordinance is defective further in this: It provides funds for acquiring, owning, maintaining, and beautifying real property for public parks, but does not provide any funds for an airport, and the bond issue could not be used for the purpose of erecting airports and buildings on the park. The ordinance only provides for the privilege of airports being erected on parks, and does not provide any funds for the erection of the same. The bonds are invalid for another reason. It is stated in the brief, and was conceded in oral argument, that the total votes cast in this election were 3,670—2,061 for the bonds and 1,609 against the bonds. To vote bonds under section 26, art. 10, of the Constitution of Oklahoma, the bonds must receive three-fifths of the total vote cast. Three-fifths of the total vote in this election was 2,202 votes. The bonds only received 2,061, and cannot be issued as bonds coming within the provisions of section 26, art. 10. If these bonds are to be issued, they must be issued under section 27, art. 10, of the Constitution of Oklahoma, which reads, in part, as follows:

"Any incorporated city or town in this state may, by a majority of the qualified property tax paying voters of such city or town, voting at an election to be held for that purpose be allowed to become indebted in a larger amount than that specified in section twenty-six, for the purpose of purchasing or constructing public utilities, or for repairing the same, to be owned exclusively by such city. * * *"

The majority opinion in this cause does not hold that an airport is a public utility. This court has held that a public park is such a utility as contemplated by section 27, supra. Neither this court nor any other court has held that an airport is a public utility. This unlimited power to assess and collect taxes, even for public utilities, is not conferred upon municipalities of any state so far as the writer of this opinion is aware, except our own.

The Constitutions of Washington and Utah permit municipalities to tax beyond the ordinary limit for public utilities. But in these states, public utilities are specifically defined as water, artificial light, and sewers, when the works for such water, artificial light, or sewers shall be owned and controlled by the municipalities. It has been held by this court that the following municipal improvements fall within the term "public utilities" such as used in section 27, supra: Waterworks and sewers; a convention hall to be owned, controlled ,and used exclusively by a city to accommodate public gatherings of people; a public park and the construction of sidewalks around the same, and a driveway through it and the pavement of the streets surrounding it, so as to make the same more convenient and serviceable as a public park. It was for the purchase, construction, and repair of this class of public utilities the framers of the Constitution provided by section 27, supra, and the court should not by construction so broaden the term as to practically remove all restrictions upon the debt creating powers of the municipalities of the state.

This court in the case of Coleman v. Frame, County Clerk, et al., 26 Okla. 193, 109 P. 928, 31 L. R. A. (N. S.) 556, in the second syllabus said:

"A proposition attempting to refer to the qualified property tax paying voters of a city whether said city shall be allowed to become indebted for the purchase, construction, or repair of public utilities under section 27, art. 10, of the Constitution, must be stated in such specific language as to apprise the voters of the nature of the public utility the city wishes to purchase, construct, or repair."

Was the matter, submitted to the voters in the case at bar, stated in such specific language as to apprise the voters of the nature of the public utility the city wishes to purchase, construct, or repair? Was the voter voting for an airport or was he voting for public parks? The Constitution of Oklahoma and the city charter of Oklahoma City prohibits the submission to the voters of two propositions so interwoven that the voter could not determine for which he was voting. The only specific sum provided for in the ordinance is provided for public parks. No sum is provided for in the ordinance for the erection of aviation airports. Unless this court is willing to hold that an aviation airport is a public utility, not one cent of the funds provided for in this ordinance by this bond issue could be lawfully expended for an aviation airport. This court has not so held, and there is no authority called to our attention which would justify the court in so holding. If an aviation airport is a public utility as the term "public utility" is used in section 27, supra, then a freight depot, a passenger depot, bus station, loading dock, garage, or any other depot or station used in transportation would be defined as a "public utility" as used in section 27, supra.

This court in Coleman v. Frame, supra, held invalid a proposition attempting to refer to the qualified property tax paying voters of the city, which was submitted as follows: "* * *Shall the city of Ardmore, Okla., be authorized to issue the negotiable bonds of said city in the aggregate amount of $20,000 to raise means for its improvement of the fire department?"

This was held to be insufficient to apprise the voters of the nature of the utilities which the city wished to purchase, construct, or repair. This cause should be reversed, with directions to the trial court to overrule the demurrer of defendant, and proceed with the trial.